UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| BENJAMIN L. HARRIS, | Case No. 19-cv-2428 (ECT/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| VICKI JANSSEN, | |
| Respondent. | |

---

Petitioner Benjamin L. Harris was convicted of second-degree murder and first-degree aggravated robbery in Minnesota state court. *See State v. Harris*, No. A17-1458, 2018 WL 4201169 (Minn. Ct. App. Sept. 4, 2018). On or about August 15, 2019, Harris filed a petition for post-conviction relief in state court seeking to challenge the validity of those convictions. Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation" with respect to a petition for a writ of habeas corpus filed in federal court challenging a state-court judgment. Harris intends to someday file a federal habeas petition challenging his convictions, and he brings this action seeking to invoke § 2244(d)(2) and have tolled any time during which his petition for postconviction review is pending in state court.[1]

Harris's request is unnecessary. Section 2244(d)(2) automatically tolls the relevant limitations period upon the proper filing of a petition for state post-conviction review. No further

---

[1] The operative pleading in this matter has been docketed as a petition for a writ of habeas corpus, but it is not in fact a habeas petition itself; for example, the pleading contains no substantive claims for relief. Harris seeks in this matter only to toll the limitations clock governing the filing of a future habeas petition.

1

finding or authorization of this Court would be necessary to toll the limitations period while state post-conviction proceedings remain ongoing. Accordingly, it is recommended that this matter be dismissed and that Harris's application to proceed *in forma pauperis* [ECF No. 2] be denied as moot. To the extent that a certificate of appealability is required to appeal from the dismissal of this action, *see* 28 U.S.C. § 2253(c), it is recommended that none be issued.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED.

2. The application to proceed *in forma pauperis* of petitioner Benjamin L. Harris [ECF No. 2] be DENIED AS MOOT.

3. No certificate of appealability be issued.

Dated: September 10, 2019              s/David T. Schultz
                                       DAVID T. SCHULTZ
                                       United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).